IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CUTIE K. TAYLOR                                                                                    PLAINTIFF

vs.                                           Civil No. 4:10-cv-04026

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  (Doc. No. 16).[1]  Defendant has responded to this Motion and objects to Plaintiff's attorney's request that the fee award be made directly payable to him.  (Doc. No. 17).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).  Pursuant to this authority, the Court issues this Order.

**1. Background:**

Cutie K. Taylor ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Act.  (Doc. No. 1).  On July 15, 2010, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. No. 15).

On July 20, 2010, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  (Doc. No. 16).  With this Motion, Plaintiff requests an award of attorney's fees of $1,190.00, representing 8.5 hours of attorney time at an hourly rate of $140.00.  *See id.*  Plaintiff also

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

requests that this EAJA award be made payable to her attorney. *Id.* Defendant responded to this Motion on August 3, 2010. (Doc. No. 17). In this response, Defendant argues that any fees awarded must be awarded directly to Plaintiff and not to Plaintiff's attorney pursuant to the United States Supreme Court's decision in *Astrue v. Ratliff,* No. 08-1322, 2010 WL 2346547, at *1 (June 14, 2010). *Id.*

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of

> the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 15). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, and does not object to the hourly rate she requested. (Doc. No. 17). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $1,190.00 under the EAJA. (Doc. No. 17). Plaintiff requests these fees at a rate of $140.00 per hour for 8.5 hours of attorney work. *See id.* This hourly rate of $140.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI.

3

(Doc. No. 16). Therefore, this hourly rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of $140.00 per attorney hour.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. (Doc. No. 17). In Plaintiff's Motion, Plaintiff requested that these attorney's fees be awarded to her attorney. (Doc. No. 16). *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Ratliff,* 2010 WL 2346547, at *1 (June 14, 2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.[2]

### 4. Conclusion:

Based upon the foregoing, the Court awards Plaintiff $1,190.00 in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **4th day of August, 2010.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE

---

[2] Defendant does not claim that the check for EAJA fees *must* be mailed to Plaintiff's home address and cannot be mailed to Plaintiff's attorney's office. (Doc. No. 14). In fact, Defendant states the following in his response: "As a practical matter, if the Plaintiff is the payee, Defendant would not object to sending the check to the attorney's office (payable to Plaintiff c/o the attorney)." *Id.* This Order need not change the customary practice where the check for EAJA fees is mailed to Plaintiff's attorney as the representative of Plaintiff. Rather, this Order only requires that the EAJA check be made payable to Plaintiff as the "prevailing party."